IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANKO VUCETIC, #M08699, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:22-cv-00004-SMY |
| DR. DAVID, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Janko Vucetic, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights at Shawnee Correctional Center.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Plaintiff alleges that Dr. David denied him proper care for a hernia in April and May 2012. (Doc. 1, pp. 7, 11). A two-year statute of limitations applies to Illinois lawsuits brought pursuant to § 1983. *Johnson v. Rivera,* 272 F.3d 519, 521–22 (7th Cir. 2001). Thus, Plaintiff's claim, as pled and based on actions alleged to have taken place in 2012, is untimely and barred by the statute of limitations.[2] Accordingly, the Complaint will be dismissed, but Plaintiff will be granted leave

---

[1] Plaintiff is currently incarcerated at Taylorville Correctional Center.
[2] Deliberate indifference to a serious medical need is a continuing violation under certain circumstances. *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001) (holding a refusal to treat continues for as long as the defendant has the power to do something about the plaintiff's condition). However, Plaintiff has not alleged a continuing violation.

to file a First Amended Complaint to plead any facts that are relevant to consideration of whether there was a continuing violation.

## Disposition

The Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a First Amended Complaint by April 13, 2022. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-4). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 14, 2022**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**