IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANKO VUCETIC, #M08699, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-00004-SMY |
| | ) |
| DOCTOR DAVID, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Janko Vucetic, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights at Shawnee Correctional Center. Upon screening under 28 U.S.C. § 1915A, the Complaint was dismissed because Vucetic's claim, as pled, was untimely and barred by the statute of limitations (Doc. 12). Vucetic was granted leave to file a First Amended Complaint, which he has done. It is now before the Court for § 1915A review.[1]

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Dr. David denied Plaintiff proper medical care for a hernia in April and May 2012 (Doc. 13, pp. 13-15). Plaintiff transferred from Shawnee Correctional Center to Taylorville Correctional Center on March 7, 2018 (*Id.*, p. 15). He received medical care for a hernia with an outside physician in July 2021 (*Id.*). Plaintiff submitted a grievance at Taylorville regarding the care provided by Dr. David

---

[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

at Shawnee in April and May 2012.  The October 21, 2022 grievance was denied because it was untimely by more than nine years (*Id.*, pp. 6-8).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[2]

> Count 1: Eighth Amendment claim against Dr. David for exhibiting deliberate indifference to Plaintiff's serious medical needs with regard to a hernia in April and May 2012.

## Discussion

A two-year statute of limitations applies to Plaintiff's Eighth Amendment claim.  *See Johnson v. Rivera,* 272 F.3d 519, 521–22 (7th Cir. 2001).  At best, Dr. David's denial of medical care for Plaintiff's hernia continued for as long as he had the power to do something about Plaintiff's condition – until Plaintiff left Shawnee in March 2018.  The statute of limitations began to run on the deliberate indifference claim at that time.  *See Heard v. Sheahan*, 253 F.3d 316, 318 7th Cir. 2001).

While the statute of limitations is an affirmative defense, a plaintiff who "pleads facts that show his suit is time-barred or otherwise without merit . . . has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).  Here, it is clear from the allegations in the First Amended Complaint that Plaintiff's lawsuit, filed on January 3, 2022, is barred by the statute of limitations.  Accordingly, the Complaint will be dismissed. Because amendment would be futile, Plaintiff will not be granted another opportunity to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

---

[2] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Disposition**

The Complaint is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment and close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED:  May 16, 2022**

>  *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**